IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SARAH STILTZ, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 3:10-CV-02088-M |
| | § | |
| HUMANA INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's Motion for Summary Judgment [Docket Entry #11]. For the reasons explained below, the Motion for Summary Judgment is **GRANTED**.

I. BACKGROUND AND PROCEDURAL HISTORY[1]

Defendant Humana Inc.'s affiliate, Humana Insurance Company, (jointly called "Humana")[2] issued Sarah Stiltz medical insurance. The "Benefit Plan Document" on which Plaintiff sues provides that "unless specifically stated otherwise, no benefits will be provided for or on account of . . . treatments, services, supplies, or surgeries that are *not medically necessary*, except for the specified routine preventative services."[3] The term "medically necessary" means "the required extent of health care service, treatment or product that a health care practitioner would provide to his or her patient for the purpose of diagnosing, palliating or treating a sickness

---

[1] The facts established by the proof submitted with the Defendant's Motion for Summary Judgment, to which Plaintiff has not responded, are found to be accurate. However, the Court may not grant the Motion for Summary Judgment merely because it is unopposed. *See Bookman v. Schubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). The Court must determine if, based on the uncontested facts, Defendant prevails as a matter of law.

[2] Original Pet., Ex. 1, Part 1, at 6; *see also* Def.'s Answer at ¶III. Humana Inc. does not claim to be a separate entity from Humana Insurance Company for the purposes of its Motion for Summary Judgment.

[3] Def.'s Br., Ex. B at 1 (emphasis added); *see also* Original Pet., Ex. 1, Part 2, at 3 (emphasis added).

or bodily injury, or its symptoms."[4]  Additionally, the treatment must be "in accordance with nationally recognized standards of medical practice and identified as safe, widely used and generally accepted as effective for the proposed use" and "clearly substantiated and supported by the medical records and documentation concerning the patient's condition."[5]

Stiltz allegedly suffers from lumbar degenerative disc disease.[6]  On October 1, 2009, on behalf of Stiltz, her physician requested coverage from Humana for a lumbar spinal fusion.[7]  On October 28, 2009, Stiltz received a letter from Humana's contracted vendor, OrthoNet, on behalf of Humana, stating that Humana would not cover that procedure.[8]  Dr. Roberto Madrid of OrthoNet explained in that letter that a lumbar spinal fusion was not medically necessary "as the clinical and radiologic information fails to demonstrate that this patient has both a spondylolisthesis and foraminal stenosis nor that there is evidence for an unstable spine."[9]  Stiltz appealed through her physician.[10]

On November 23, 2009, Humana denied the appeal, based on a report it obtained from an "independent physician specializing in Orthopedics,"[11] who it stated reviewed "the information submitted by OrthoNet from the initial review, the additional clinical information submitted on November 13, 2009, the Milliman Care Guidelines® for Lumbar Fusion, and the Benefit Plan Document."[12]  Humana concluded that the requested surgery did not meet the criteria for coverage because it was not medically necessary under the Benefit Plan Document.[13]

Stiltz was entitled to and sought a further consideration by an Independent Review

---

[4] Def.'s Br., Ex. B at 1; *see also* Original Pet., Ex. 1, Part 3, at 16.
[5] Def.'s Br., Ex. B at 2; *see also* Original Pet., Ex. 1, Part 3, at 16.
[6] Original Pet. at ¶V.
[7] *Id.*
[8] Def.'s Br., Ex. A.
[9] *Id.*
[10] Def.'s Br., Ex. B; *see also* Original Pet. at ¶V.
[11] Def.'s Br., Ex. B.
[12] *Id.*
[13] *Id.*

Organization ("IRO").[14]  On April 9, 2010, MEDRx, which was selected by the Texas Department of Insurance as the IRO, validated Humana's decision,[15] explaining that "without consistent evidence of nerve root impingement clinically or on imaging studies and without radiographic documentation of spinal segmental instability, neither a corpectomy and/or a fusion would be reasonably required."[16]

On September 9, 2010, Stiltz filed suit against Humana in state court, seeking to recover the estimated cost of lumbar fusion surgery and other damages.[17]  Stiltz alleged a violation of the Texas Deceptive Trade Practices Act, breach of the duty of good faith and fair dealing, and a violation of the "Prompt Pay Statute."[18]

On October 15, 2010, Humana timely removed the suit to this Court, pursuant to the Employee Retirement Income Security Act ("ERISA"), and now moves for summary judgment. Plaintiff did not respond to Humana's Motion.

## II.   LEGAL STANDARD

### A. Summary Judgment Standard

Summary judgment is warranted if the pleadings, discovery, disclosure materials, and supporting affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.[19]  A genuine issue of material fact exists when a reasonable jury could find for the nonmoving party.[20]  The moving party bears the initial burden of identifying those portions of the record that demonstrate the absence of a genuine issue

---

[14] Def.'s Br., Ex. B, at 2; *id.* Ex. C, at 3.
[15] *Id.*
[16] *Id.*
[17] Original Pet. at ¶VIII.
[18] Original Pet. at ¶VIII.
[19] Fed. R. Civ. P. 56(a).
[20] *Gates v. Tex. Dep't of Protective & Regulatory Servs.*, 537 F.3d 404, 417 (5th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

of material fact.[21]  Once the movant carries its initial burden, the burden shifts to the nonmovant to show that summary judgment is inappropriate, by designating specific facts beyond the pleadings that prove the existence of a genuine issue of material fact.[22]  In determining whether genuine issues of material fact exist, "factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that an actual controversy exists."[23]

### B. ERISA

Under the terms of ERISA, a group health plan is considered an employee welfare benefit plan.[24]  An action can be brought by a participant in the employee welfare benefit plan in order to recover benefits due to her under the terms of the plan.[25]  ERISA supersedes state laws that relate to employee benefit plans,[26] and therefore preempt the state law claims found in Stiltz's Original Petition because they relate to an ERISA plan.[27]

A denial of benefits is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator discretionary authority to determine eligibility for benefits or to construe the terms of the plan, in which case the denial of benefits is reviewed for abuse of discretion.[28]  In any case, factual determinations by the administrator during the course of a benefits review will

---

[21] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 325).
[22] *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Fields v. City of S. Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991).
[23] *Lynch Props.*, 140 F.3d at 625 (citation omitted).
[24] 29 U.S.C. § 1167.
[25] 29 U.S.C. § 1132(a)(1)(B).
[26] 29 U.S.C. § 1144; s*ee also Pilot Life Insurance Company v. Dedeaux*, 481 U.S. 41, 47 (1987).
[27] Under 29 U.S.C. § 1144(b)(2)(A), ERISA provisions do not preempt state laws that are (1) "specifically directed toward entities engaged in insurance," and (2) substantially affects the risk pooling arrangement between insurer and insured.  *Kentucky Assoc. of Health Plans, Inc., et al. v. Miller*, 538 U.S. 329, 342 (2003).  However, the claims Stiltz asserts do not meet these requirements and are preempted by ERISA.  *See Sundown Ranch, Inc. v. John Alden Life Ins. Co.*, No. 3:01-cv-1445-K, 2003 WL 21281642, at *2 (N.D. Tex. May 29, 2003) (Kinkeade, J.) (holding claims of Deceptive Trade Practices Act and breach of an alleged duty of good faith and fair dealing relating to the denial of benefits subject to ERISA are preempted by ERISA).
[28] *See Firestone Tire & Rubber Co. v, Bruch*, 489 U.S. 101, 113-15 (1989).

be rejected only upon the showing of an abuse of discretion.[29] The determination of medical necessity is a factual determination.[30]

In determining whether the administrator abused its discretion, the Court determines whether the decision was reasonable;[31] that is, whether there is a rational connection between the known facts and the decision, or between the found facts and the evidence,[32] and whether an administrator's decision is arbitrary and capricious—that is, not supported by substantial evidence.[33] Substantial evidence is more than a scintilla, but less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.[34]

### III. DISCUSSION

The summary judgment record, including the Benefit Plan Document attached to Stiltz's Original Petition, does not clearly demonstrate whether or not the plan administrator's discretion in making benefits decisions was limited.[35] Nevertheless, the plan administrator here determined that the lumbar fusion proposed was not a medical necessity, a factual decision reviewed by this Court for abuse of discretion.[36]

Humana provides summary judgment evidence that OrthoNet's physician, who reviewed Stiltz's clinical information; an independent orthopedist, who reviewed Stiltz's medical records and applicable lumbar fusion guidelines;[37] and the IRO[38] all determined the procedure was not

---

[29] *Meditrust Fin. Serv. Corp. v. The Sterling Chemicals, Inc.*, 168 F.3d 211, 213 (5th Cir. 1999).
[30] *Id.* at 214.
[31] *MacLachlan v. ExxonMobil*, 350 F.3d 472 (5th Cir.2003).
[32] *Meditrust*, 168 F.3d at 215.
[33] *Id.*
[34] *Corry v. Liberty Life Assurance Co. of Boston*, 499 F.3d 389, 398 (5th Cir.2007).
[35] Original Pet., Ex. A.
[36] *Meditrust*, 168 F.3d at 213 (affirming review of medical necessity determination under abuse of discretion standard).
[37] Def.'s Br., Ex. B.  *See Meditrust*, 168 F.3d at 215 (holding that ERISA plan administrator did not abuse its discretion when relying on opinions of independent consulting physicians in denying benefits).
[38] Def.'s Br., Ex. C.  *See Sundown Ranch, Inc.*, 2003 WL 21281642, at *3 (finding relevant that an independent review organization affirmed the determination a treatment was not medically necessary in deciding whether such denial was an abuse of discretion).

medically necessary.  Although Stiltz's physician disagreed, substantial evidence supports the administrator's decision to deny Stiltz coverage for a lumbar fusion.

IV. CONCLUSION

For the reasons stated above, Defendant's Motion for Summary Judgment is **GRANTED**.

**SO ORDERED.**

August 9, 2011.

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS